MARCELIN LAFLEUR *v.* CONSTANTIN HARDY and others.
HYPPOLITE GILLY *v.* CONSTANTIN HARDY.

To annul a sale on the ground of fraud, the creditor must prove the inability of the debtor to pay his debts, and injury to himself. *Per Curiam:* A contract, though made in bad faith, cannot be rescinded by creditors unless it operate to their injury. C. C. 1973.

The seizure under a *fi. fa.* of the interest of a debtor in notes, entitles the seizing creditor to be paid by preference out of the proceeds.

APPEAL from the District Court of St. Landry.    The judgment in the first case was rendered by *Boyce*, J.; in the last by *King*, J.

BULLARD, J.    The facts disclosed in these two cases, which have been argued together, are that, in 1842, Girard and his wife sold to Hardy certain property, partly moveable and partly immovable, for about nine thousand dollars, on a long credit, and notes were given for the price, secured by mortgage on the real estate sold.    Girard transferred these notes to Gilly of New Orleans, who was his creditor for about eleven hundred dollars. At the time of this sale, it appears there was no mortgage on the property, either judicial or conventional.    In June, 1843, Durand and Uzureau obtained a judgment against Girard, for $568 25, of which $280 is unpaid.    When they ascertained that Girard had transferred all the notes for which he had sold his property to Gilly, they applied to the latter, and were informed by him that his claim was only $1,104 75, and that the notes had been transferred merely to secure that sum, and that, as soon as that amount was paid, the balance of the notes would belong to Girard.    Thereupon they caused the interest of Girard in the notes to be seized.    Afterwards, in December, 1843, Lafleur, another creditor of Girard, brought a revocatory action against Hardy and Girard. to set aside the sale, as fraudulent.    He obtained a judgment for $798, declaring the sale fraudulent as to him, and subjecting the property to be seized and sold to satisfy his demand.    From this last judgment Girard, and Gilly, who was not a party, but who complains that he is aggrieved by the judgment, have appealed.

In the meantime, Gilly took out an order of seizure and sale upon the notes and mortgage, having obtained a notarial act of

subrogation from Girard and wife. The real estate was sold, and produced $1,870, thus leaving a surplus, after paying the debt due to Gilly, to be distributed between Durand and Uzureau and Lafleur, the sole remaining creditors of Girard. The order in which these last are entitled to participate in this fund, forms the subject of the second appeal from a judgment of the District Court giving a preference to Durand and Uzureau over Lafleur.

The evidence in the revocatory action is, in our opinion, insufficient to establish the fraudulent character of that transaction, so far as it concerns the plaintiff as a creditor of Girard. The inability of Girard to pay his debts is not proved, and no injury to the plaintiff is shown; and it is clear and well settled that, although a contract may be made in bad faith, it cannot be rescinded by creditors unless it operates to their injury. Civil Code, art. 1973.

But neither Gilly, nor Durand and Uzureau were parties to that action. They had acquired rights in good faith; the one by a transfer of Hardy's notes, and the other by a seizure of the residuary interest of Girard, which cannot be affected by the proceedings of Lafleur, which, as to them, were *res inter alios actæ.* The right of Gilly to be first paid is incontestible. Durand and Uzureau were very properly preferred to Lafleur, because they had a judgment and seizure of the interest of Girard after satisfying the demand of Gilly.

It is therefore ordered and decreed that the judgment in the case of *Gilly* v. *Hardy,* (no. 4321), be affirmed with costs; and that the judgment in the case of *Lafleur* v. *Hardy* and others, (no. 4216), be reversed so far as it annuls the sale from Girard to Hardy as fraudulent, and be affirmed in all other respects; and that the appellees pay the costs of this appeal.

*Linton,* for Lafleur.

*Lataste* and *Martin,* for Gilly and Girard.