No. 8767.

FRENCH LONG vs. JOHN A. KLEIN.

In an action by the transferree of a judgment against a judgment debtor, the latter will not be heard in charging the simulation and nullity of the transfer by the original creditor to the transferree, unless he shows not only that there was fraud between the contracting parties, but that he was injured thereby.

To succeed in such a defense, the complainant must base his attack on the allegations and the proof required by our law of a complaining creditor in an action of revocation, or in declaration of simulation.

APPEAL from the Eighth District Court, Parish of Madison. *Delony*, J.

*J. B. Stone* and *Spencer & Lucas* for Plaintiff and Appellee:

A debtor sued by the transferree, as owner of his indebtedness, cannot attack plaintiff's title, where a payment by him to plaintiff would release him from his obligations, unless he has equities which could be pleaded against the original creditor, he is without interest to inquire into the transfer. McDowell vs. Cook, 10 An. 31, 32; Kearn vs. Goldsmith, 14 An. 349; LaFleur vs. Hardy, 11 R. 394.

A plea in compensation to admit evidence must be set forth with the same certainty as to amounts, dates, etc., as if the party opposing said plea were himself plaintiff in a direct action; 2 R. 216; 3 R. 364; 9 R. 137; 3 An. 316; 5 An. 303; 6 An. 103; and the debt plead in compensation must be liquidated, due and demandable.

*H. P. Wells* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   In the case of Spencer vs. Goodman & Bradfield et als., 33 Annual, p. 898, judgment was rendered in this Court annulling the sale of "Willow Glen Plantation," made to the defendants, Goodman & Bradfield, by John A. Klein, the defendant in this case, and condemning said Klein, warrantor in that case, to refund the purchase price received by him from his said vendees, with the exception of so much of the purchase price as represented the consideration of a portion of said plantation, to-wit: one hundred and fifty acres, for which the sale was maintained.

Plaintiff Long, as the transferree of Goodman's rights to said judgment, seeks to recover the latter's share of the purchase price, which is shown to be $5,093.78.   By a supplemental petition, his co-owner of the judgment is made a party to this suit, and she prays for the same relief against the defendant as may be awarded to Long.   This appeal is taken by defendant from a judgment against him, in favor of Long and of Bradfield, but his defense in both Courts is levelled almost exclusively against Long's right of recovery.   His first complaint is, that his warrantees cannot recover the full amount of the purchase price, but only a portion of the same, for the reason that the sale was maintained as to 150 acres of the lands in litigation in the suit for nullity of the sale.

This defense had been anticipated by plaintiff, who had alleged in his petition that he had tendered those 150 acres back to Klein, who had accepted the same, and the allegation being fully supported by the record, that element is therefore eliminated from the case.

The defendant charges that the sale from Goodman to Long is a simulation, that Goodman is insolvent, and that so much of the purchase price as he may be entitled to recover from Klein, is compensated by the claim of Klein against him, arising from the fact that Klein and another party had bound themselves as counter-securities in favor of the securities on two appeal bonds furnished by Goodman & Bradfield, in their appeal from the judgment in the case of Spencer vs. Goodman & Bradfield, condemning them to pay to Carpenter, the real owner of the plantation, rents amounting to a considerable sum.

As the gravamen of this defense is the alleged simulation and nullity of the transfer of Goodman's interest in the judgment against his warrantor to Long, it was incumbent on the defendant to make all the allegations and to administer the evidence which, under the law, would have been required of him as plaintiff in an action of revocation, or in declaration of simulation.

In such cases the complainant, to succeed, is required to allege and to prove not only that both vendor and vendee acted with fraudulent intent and design, but that he was injured by the transaction. A stranger to a contract, showing no interest, either as a creditor or otherwise, cannot be heard with a view to annul and set aside an alleged fraudulent contract. This principle is so well established in our law, and has been so uniformly applied in our jurisprudence, that it can now be considered as elementary. Baudin vs. Roliff, 1 New Series, 166; Montilly vs. His Creditors, 18 La. 384; Wedderstrand vs. Marsh, 11 Rob. 533; LaFleur vs. Hardy, 11 Rob. 494; McDowell vs. Cook, 10 An. 31; Wolf vs. Wolf, 12 An. 529.

The only efforts made by defendant to comply with the requisites of the law, in justification of his right to attack the sale complained of, consist of an allegation of the insolvency of Goodman, and of the knowledge thereof in Long, and of an intimation that he may become a creditor of Goodman, on account of his obligation to hold harmless the latter's securities on his appeal bonds, without even specifying the amount of the alleged contingent claim, and without alleging that Goodman had not yet paid and satisfied the judgment for rents rendered against him in favor of Carpenter.

On the trial he made no attempt to prove the alleged insolvency of Goodman; and in support of his intimation that he was, or would eventually be, a creditor of the latter, he offered no other evidence but

the appeal bonds and his written agreement to secure the sureties thereon.

Considering the vagueness of his allegations on this point; considering his failure to allege the non-payment of the judgment for rents and revenues, and considering that such claim, if it did exist, had not been definitely liquidated by the judgment and could not, therefore, for want of equal dignity with plaintiff's claim, be pleaded in reconvention, we think that the court below erred in allowing any evidence on behalf of the defendant on that part of his pleadings, and that plaintiff's bill of exception to the ruling of the court was well taken.

Concluding, from the state of the pleadings and from the evidence in the record, that defendant has utterly failed to show that he has been, or will be, injured by the alleged fraudulent and simulated transfer of Goodman to Long, we cannot recognize his right to thus attack this transaction.

He has been duly notified of the transfer; a judgment in favor of Long, and a payment of the same will be a full protection to him against any future claim of Goodman for the same cause of action, and hence, no injustice has been done to him in the case.

Judgment affirmed.

Rehearing refused.