Statement of the Case.
MONROE, C. J.
Plaintiff entered into an oil lease with defendants agreeably to which it drilled a well which proved unprofitable, and was abandoned, plaintiff removing most of its appliances. About eight months later its representatives appeared upon the scene and were in the act of removing the pipe which had been left in the ground, when they were prevented by defendants. Plaintiff thereupon enjoined defendants from interfering, and defendants answered its petition, alleging that, by reason of the abandonment of the enterprise, as stated, plaintiff had forfeited any right that it may have had to remove the pipe; that it had permitted oil, gas, and salt water to escape from the *53 well and damage their land to the extent of $500; that pending the injunction it removed the pipe, which was worth $5,000; and that it should be compelled to pay defendants attorney’s fees to the amount of $500. The judge a quo awarded defendants $125 for damage done to their land, directed that the costs be divided, and otherwise gave judgment for plaintiff. Defendants alone have appealed.
Opinion.
The contract into which the litigants had entered conferred upon the lessee “the right to remove all machinery, fixtures, and improvements placed [on the leased premises] at any time.” The learned trial judge says in his well-considered opinion:
“It is incredible that any oil company should intend to present to a lessor $1,400 worth of pipe, after it had expended $10,000 or more in drilling a well into salt water.”
And so it appears to us. No doubt, if the lessor defers the removal of his pipe for so long a time as to authorize the belief that he has abandoned it, a court would so hold, hut counsel for plaintiff quote “Thornton” and “Archer” to the effect that the lessor is entitled to a reasonable time after the expiration of his lease within which to take such action (as also Perry v. Acme Oil Co., 44 Ind. App. 207, 88 N. B. 859), and we approve that doctrine. Plaintiff makes no complaint of the allowance of the $125, which seems to have been authorized by the contract.
Judgment affirmed.