## BICKHAM v. BUSSA OIL & GAS CO., Inc., et al.*

### No. 4646.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

Herold, Cousin & Herold, of Shreveport, for appellant.

Cook & Cook, of Shreveport, for appellees.

DREW, Judge.

This suit was filed by Mrs. Maude Bickham, wife of J. D. Bickham, both residents of Caddo parish, La., in the First judicial district court in and for said parish, against the Bussa Oil & Gas Company, Inc., and J. M. Miller, a resident of Caddo parish.

In her petition plaintiff alleged that she is the owner and is in actual possession of lot 2, section 28, township 21 North, range 15 West, Caddo parish, La. The petition further alleges that prior to the acquisition of plaintiff's ownership of said property, to wit, February 8, 1917, her vendor, J. D. Bickham, executed an oil and gas lease on said property in favor of S. P. Harrell, which said act of lease is recorded in Conveyance Book 115, page 299, of the records of Caddo parish, La., and a certified copy of said lease is attached to the petition and made part thereof.

Plaintiff further alleges that the assignees of the said Harrell drilled several wells on the said property which produced oil and gas; that by mesne conveyances, the interest of the said Harrell under said lease was finally acquired by the Bussa Oil & Gas Company, Inc., a Louisiana corporation with its domicile in Caddo parish, and one J. M. Miller, also a resident of Caddo parish, both of whom are made parties to this suit. She further alleges that said property has not been operated for many years by the defendants and alleges abandonment of said lease and prays for a judgment ordering the cancellation of said lease from the records of Caddo parish because of the alleged abandonment.

The Bussa Oil & Gas Company, Inc., filed an answer in said cause denying substantially all the allegations contained in plaintiff's petition, with the exception of admitting the execution of the lease by J. D. Bickham, as alleged, and further answering, showed that there had been no abandonment of the said lease.

The Bussa Oil & Gas Company, Inc., reconvened in its answer, and alleged that it had not permanently shut down the lease involved herein, but that it intended to reopen operations when the oil business was more profitable, and that in the event the court should hold that the plaintiff herein is entitled to cancellation of said lease, then and in that event, defendant asked that its title to the personal property located on said lease and placed there by the defendant and his authors in title, be recognized, and that it be given the right to remove said personal property from the premises.

Defendant J. M. Miller did not file an answer to plaintiff's petition and default was taken against him by plaintiff, but was never confirmed. When this cause was called for trial in the district court, J. M. Miller and the Bussa Oil & Gas Company, Inc., represented by counsel, judicially consented to the cancellation of the lease involved in this litigation. The only question remaining before the court was that involving the right of the defendant Bussa Oil & Gas Company, Inc., to remove the personal property situated on said lease belonging to it.

The plaintiff urges that the personal property belonging to defendant situated on the leased premises involved herein, is no longer the property of the defendant by virtue of the fact that defendant has abandoned same. The judicial stipulations made and entered in the record by defendants at the beginning of the trial of this case, whereby defendants consented to the cancellation of the lease, did not state that the cancellation of said lease was based on abandonment. If the lease in this cause had been abandoned, it does not necessarily follow that the physical properties, that is, the personal property, belonging to the defendant herein, had likewise been abandoned. For the purpose of disposing of the point involving the abandonment of the physical properties referred to herein, we will first discuss the alleged abandonment of the lease.

The evidence and testimony in this case revealed that approximately two years prior to the time this suit was filed, defendants ceased operation of the oil and gas wells on the leased premises, for the reason that the price of oil had dropped to such an extent that the operation of the wells on the lease was unprofitable. There is no evidence or testimony in the record to show that at the time the operations were closed down, there was any intention on the part of the defendants or was there any act on the part of the defendants that would indicate abandonment of the lease or the physical properties situated thereon. To the contrary, the testimony shows both plaintiff and defendants considered the lease in effect until three or four months before this suit was filed; and the testimony of witnesses shows that from time to time after the closing down of operations, the defendant, through its agents, removed from the leased premises, certain of the personal property belonging to the defendant that had been previously used in the operation of the lease. The removal of these properties from time to time clearly indicated that there was no intention on the part of the Bussa Oil & Gas Company, Inc., to abandon the personal property belonging to the corporation and situated on the leased premises.

A careful study of the record in the case shows that the first intimation of an abandonment of the lease occurred in a conversation between Dr. Bickham and Mr. Miller some three or four months prior to the time this suit was filed. During the course of this conversation, Bickham made mention that the lease involved in this suit had probably expired, to which Mr. Miller replied that maybe it had. Neither party at the time of said conversation, considered the lease abandoned. This is clear from the remarks of both parties. If there is an abandonment of the lease by the defendants, it is the opinion of the court that it occurred from the date of Miller's conversation with Bickham, because Miller stated that the lease might have expired. If the lease was abandoned on the date of the conversation between Miller and Bickham referred to, then only three months elapsed between the date of the abandonment and the date of this suit. The defendants had not delayed an unreasonable time in removing the personal property belonging to them from the leased premises. In the case of Standard Oil Co. of Louisiana v. Barlow, 141 La. 52, 74 So. 627, the Supreme Court of Louisiana held that eight months was not an unreasonable time within which to remove from the leased premises personal property belonging to a lessee under an oil and gas lease which provided that the right to remove all machinery, fixtures, and improvements placed on the leased premises at any time was reserved. The lease involved in the case at bar contained the same provision.

There is a vast difference between an abandonment of the lease and an abandonment of the personal property belonging to the lessee and their assigns. The lease could, of course, be abandoned and title to the personal property remain in the lessee.

To constitute an abandonment of personal property so as to give a third party the right to assume title and control of it, two essential elements must exist. There must be an act of abandonment coupled with the intention to abandon. We do not have these elements in the case at bar. There is no testimony in the case to show that there was any intention to abandon the personal property involved herein on the lease, nor is there any act of abandonment. The testimony shows that agents of the defendants had continually removed some of the personal property from the lease, and one witness testified that some of it was removed approximately some three or four months prior to the time the suit was filed. There is no reason to believe, from the evidence and testimony in the case, that there was any intention on the part of the defendants herein to relinquish their title to their personal property on the lease.

■ The lower court assessed the plaintiff with the costs in this suit. When the case was called for trial, as the record shows, the defendants entered a stipulation to the effect that they judicially consented to the cancellation of the lease. The reconventional demand asking that title be recognized in and to the personal property on the lease was made by the defendant Bussa Oil & Gas Company, Inc., and as this reconventional demand was sustained in the district court, which decision we think correct, the lower court properly assessed the plaintiff with the costs of the suit.

For the reasons set forth above, the judgment of the lower court is affirmed.