41 So.2d 66

DONNELL v. GRAY.

No. 38997.

April 25, 1949.

Rehearing Denied May 31, 1949.

W. M. Phillips, T. B. Wilson, Shreveport (W. S. Waller, Shreveport, of counsel), for plaintiff.

John B. Files, Shreveport, for defendant-appellee.

McCALEB, Justice.

This contest involves the ownership of certain oil well equipment, consisting of two five-hundred barrel steel oil tanks, one two-hundred barrel gun barrel and one Ideco pumping unit, of a total value of $1200. The property was purchased by plaintiff on February 21st 1947 from one A. Paul Gilbert, an oil operator, who had left it on the land of defendant during 1946 when an oil well, which he had drilled under a lease with defendant, was abandoned.

Defendant resisted the demand on the ground that he acquired ownership of the property in 1946, when Gilbert abandoned the oil well and he further alleged, in the alternative, that, in any case, he has a lien and privilege upon it to secure payment of $750 damages sustained to his land resulting from Gilbert's negligent operation of the oil well.

A writ of sequestration was issued in the District Court and, after a hearing on the issues, there was judgment recognizing plaintiff's claim to the property. Defendant brought the case to the Court of Appeal for the Second Circuit where the judgment was reversed, see 34 So.2d 648, a majority of that court holding that defendant had acquired ownership of the property as Gilbert had abandoned it by permitting it to remain on defendant's land for over a year after the expiration of the oil lease. We granted certiorari.

At the outset, we notice that defendant, contending that the case presents solely questions of fact, asserts that the writ of review was improvidently granted and should not be considered.

There is no merit in this proposition. The writ was granted because we doubted the correctness of the legal conclusion of the Court of Appeal and not primarily to review its finding of fact. Moreover, it is settled that, where a writ of review has been granted, the court will consider the entire case just as though it

was on an original appeal; our power of review is unlimited and questions of fact will be investigated as well as matters of law. Article VII, Section 11 of the Constitution; Stieffel v. Valentine Sugars, Inc., 188 La. 1091, 179 So. 6, Robichaux v. Realty Operators, Inc., 195 La. 70, 196 So. 23 and Madison Lumber Co. v. Helm, 202 La. 1061, 13 So.2d 349.

There is no substantial dispute over the facts of the case. In 1941, the defendant granted to A. Paul Gilbert an oil and gas lease upon land in Caddo Parish which contained a provision giving lessee the right, at any time during or after the expiration of the contract, to remove from the land all property and fixtures placed thereon by him. In due course, operations were begun and Gilbert was successful in bringing in a well which produced in paying quantities until some time prior to May 1946 (the exact date upon which production ceased is somewhat indefinite but it is a matter of little importance; it was either during the latter part of 1945 or early part of 1946). At any rate, Gilbert acknowledged, during the month of May 1946, that the well was no longer a producer because, at that time, he pulled the casing and removed all of his equipment except the two tanks and pumping unit involved in this suit. Thereafter, on June 1st 1946, defendant wrote to one Findley, whom he addressed as "Pumper for A. Paul Gilbert", notifying him to vacate his property within fifteen days as the lease "heretofore executed to A. Paul Gilbert has expired and is abandoned" and advised him that, upon his failure to vacate, the necessary legal steps would be taken to effect his removal. Findley complied with the demand but Gilbert did not at any time thereafter attempt to remove the equipment from the land. However, on February 21st 1947, he transferred the disputed property, together with other equipment, to plaintiff for a stated consideration of $2750 in the form of a cash sale executed in Smith County, Texas.

The evidence shows that the real consideration for the sale was an advance by plaintiff to Gilbert of the sum of $2750 and that the latter was orally given ninety days in which to redeem the property. After the expiration of the period of redemption, plaintiff considered himself the owner of the equipment and, accordingly, in May 1947, went to defendant's premises in Caddo Parish for the purpose of removing it. On his arrival, he found that the equipment had been fenced in and locked by defendant and he was informed that the latter was holding it as security for damage to his land allegedly caused by the operations of Gilbert. Plaintiff left at that time without interviewing defendant. However, he returned in July or August and made demand on defendant for permission to remove the equipment, which was refused by the latter, who took the position that he would not turn over the property unless plaintiff paid

him $500 to cover the alleged damage to his land. Defendant did not claim at that time, nor at any time prior to the filing of his answer to this suit, that he was holding the property as owner by virtue of Gilbert's alleged abandonment.

The Court of Appeal was of the view that, inasmuch as the notice to vacate, which plaintiff sent to Gilbert's pumper, "implied the demand to remove the equipment remaining" and inasmuch as Gilbert made no attempt whatsoever to claim ownership or remove his equipment thereafter," there was an actual abandonment, coupled with an intent to abandon, which endured for a period of not less than fourteen months after the partial removal of equipment from the lease by the lessee". In support of this conclusion, the court relied upon the jurisprudence of other states, which this Court approved in Standard Oil Co. of Louisiana v. Barlow, 141 La. 52, 74 So. 627, that provisions in an oil and gas lease conferring upon the lessee the right to remove machinery and fixtures placed on the leased premises "at any time" allows the lessee a reasonable time after the termination of the lease to effect the removal.

While we approve the interpretation placed on the removal provision of the lease by the Court of Appeal, we are not in accord with the ruling that Gilbert abandoned the equipment either in fact or in law. A fortiori, we believe that the Court erred in not taking into account the fact

that defendant did not, prior to the filing of his answer, ever claim that he possessed the equipment as owner in consequence of Gilbert's alleged abandonment—for it is only in cases where a party possesses as owner that he is permitted to claim title by occupancy under the appropriate articles of the Civil Code.

Primarily, we doubt that the facts of the case justify a holding that Gilbert's silence, coupled with his failure to remove all of the equipment from defendant's land in May of 1946, constituted an abandonment of the equipment which had a value of over $1200. The finding of the Court of Appeal that the abandonment endured for a period of not less than fourteen months, after the partial removal of equipment from the leased premises by Gilbert, is not correct—indeed, it fails to give recognition to Gilbert's sale of the equipment to plaintiff in February 1947 as an act of ownership, negating any presumption of abandonment which might have theretofore existed. Therefore, the period of Gilbert's silence (from which the inference of abandonment is drawn) extended from May 1946 to February 1947 or less than nine months.

But, even though it be generously conceded that Gilbert's failure to remove the equipment in May 1946 plus his subsequent inaction until February 1947 might be sufficient to warrant a presumption of abandonment, it does not follow that defendant became the owner during the period that

the presumption subsisted. On the contrary, it is manifest that defendant did not acquire a title as he did not occupy and possess the equipment as owner but was admittedly holding it to secure the alleged damage he had sustained as a result of Gilbert's operations.

■ As above stated, if a presumption of abandonment ever existed, it was conclusively rebutted by Gilbert's sale to plaintiff in February of 1947. This sale was valid as Gilbert had the right to reclaim the equipment, even if inferentially abandoned, as long as his title thereto had not been lost by virtue of defendant's adverse occupancy—the only method of acquisition by which defendant claims title.

Article 3412 of the Civil Code defines occupancy as a mode of acquiring property "by which a thing which belongs to nobody, becomes the property of the person who took possession of it, with the intention of acquiring a right of ownership upon it." And Article 3413 declares that occupancy can only be a lawful mode of acquiring property so long as the thing in occupancy has no owner and "when it is retained by the acquirer with the intention of keeping it as his own property."

Thus, it is clear that defendant never acquired a title as he did not possess the equipment as owner and never made claim as such until answer was filed in the suit. And then it was too late, as Gilbert had already reclaimed the property and had transferred it to plaintiff for valuable consideration.

Counsel for defendant further maintains that plaintiff should not prevail because the evidence shows that the purported sale of the equipment is really a mortgage and that, therefore, he is without title.

■ This contention is without merit for two reasons. In the first place, defendant, with no legal claim of ownership, is without right to question the validity of plaintiff's title which is evidenced by a deed from Gilbert, the immediate owner. See Wolf v. Wolf, 12 La.Ann. 529, Long v. Klein, 35 La.Ann. 384 and Chronos Land Co. v. Crichton, 150 La. 963, 91 So. 408.

■ In addition, the evidence shows that plaintiff acquired title by purchase from Gilbert and that the latter was merely given a right to redeem the property within ninety days by returning the price. It was not a pignorative contract but a sale with the right of redemption, which is given specific recognition in our law. See Articles 2567 through 2575 of the Civil Code.

Finally, defendant contends that the sale is unenforceable as to him under Article 1922 of the Civil Code, since there was no delivery of the equipment.

Article 1922 of the Civil Code is wholly without application as defendant is not in the category of the third persons mentioned therein; he has neither title to nor a lien or privilege on the equipment.

507

The judgment of the Court of Appeal is reversed and it is now ordered that the judgment of the District Court be reinstated and affirmed. Defendant is to pay all costs.

O'NIELL, C. J., takes no part.