JgLeBLANC, J.
This is an appeal by the Department of Economic Development, Office of Financial Institutions (OFI), from a district court judgment in favor of Louisiana Automotive Financial Services, Inc. (LAFS).
FACTS AND PROCEDURAL HISTORY
LAFS is an insurance premium financing company offering insurance premium financing to the public. After an investigation of LAFS by OFI examiners, a cease and desist order was issued by Larry L. Murray, the Commissioner of OFI (the Commissioner), against LAFS. Pursuant to the order, LAFS was prohibited from entering into any new consumer loan transactions (but could continue to service existing contracts) until OFI verified LAFS’s compliance with the Louisiana Consumer Credit Law (LCCL), La. R.S. 9:3510 et seq. At issue in this appeal is the allegation that LAFS failed to timely refund unearned premiums and commissions to consumers as required by La. R.S. 9:3550 H.[1]
A hearing was held before Roland J. Dartez, Assistant Attorney General, after which Mr. Dartez issued a recommended decision to the Commissioner. Finding no statutory requirement that LAFS refund unearned premiums and commissions within a specific time period, Mr. Dartez recommended the cease and desist order be lifted and the charge of violating La. R.S. 9:3550 H be dismissed. However, after reviewing the entire record, the Commissioner found LAFS’s actions violated section 3550 H and issued a decision: 1) suspending LAFS’s license from December 1, 1994 until August 13, 1996, the date of the Commissioner’s decision; and 2) dissolving the Commissioner’s earlier cease and desist order. LAFS sought judicial review of the Commissioner’s decision.
The district court, after a review of the record, agreed with Mr. Dartez’s conclusion that section 3550 H contains no statutory time limit for refunds of unearned premiums and commissions. The district court reversed the suspension imposed on LAFS by the Commissioner’s decision, and also reversed |sthe cease and desist order which had simply been “dissolved” by the Commissioner’s decision, finding it had been improperly issued.[2] Lastly, the dis *219 trict court awarded LAFS costs and attorney fees.
OFI now appeals the district court judgment, assigning as error:
1) The district court committed reversible error in reversing a nonexistent cease and desist order and a suspension that was not in effect at the time of Louisiana Automotive Financial Services, Inc.’s appeal to that court and which has not been in effect since August 13,1996.
2) The district court failed to recognize that Louisiana Automotive Financial Services, Inc. was required to refund monies of consumers to those consumers within a reasonable period of time.
3) The district court committed serious error in failing to recognize that the violation [by] LAFS justified the actions of the Commissioner.
4) The district court improperly reversed the Commissioner’s valid order to Louisiana Automotive Financial Services, Inc. to cease and desist from entering into any new consumer loan transactions by financing or renewing insurance premium finance contracts.
5) The district court committed manifest error in awarding to Louisiana Automotive Financial Services, Inc. attorney fees and costs associated with the filing and prosecution of the appeal in the district court.[3]
STANDARD OF REVIEW
The provisions of the Louisiana Administrative Procedure Act (LAPA) supplement the LCCL for purposes of administrative hearings. La. R.S. 9:3556 B. The LAPA specifies that judicial review shall be confined to the record, as developed in the administrative proceedings. La. R.S. 49:964 F. The district court may reverse or modify the agency decision if substantial rights of the appellant are prejudiced because the administrative findings, inferences, | ¿conclusions or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency’s statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or (6) not supported and sustainable by a preponderance of evidence as determined by the reviewing court. La. R.S. 49:964 G; Pacificorp Capital, Inc. v. State, Through Division of Administration, Office of State Purchasing, 92-1729, p. 4-5 (La.App. 1 Cir. 8/11/94); 647 So.2d 1122, 1125, writ denied, 94-2315 (La.11/18/94); 646 So.2d 387.[4] On review of questions of law, the reviewing court gives no special weight to the findings of the administrative tribunal, but conducts a de novo review and renders judgment on the record. State, Through Louisiana Riverboat Gaming Commission v. Louisiana State Police Riverboat Gaming Enforcement Division, 95-2355, p. 5-6 (La.App. 1 Cir. 8/21/96); 694 So.2d 316, 319.
The LAPA further provides that an aggrieved party may obtain review of any final judgment of the district court by appeal to the appropriate court of appeal. La. R.S. 49:965. On review of the district court’s judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just *220 as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. See La. Const. Art. V, § 5(C); Donnell v. Gray, 215 La. 497, 501, 41 So.2d 66, 67 (1949); Eicher v. Louisiana State Police, Riverboat Gaming Enforcement Division, 97-0121, p. 5, n. 5 (La.App. 1 Cir. 2/20/98); 710 So.2d 799, 803, n. 5, writ denied, 98-0780 (La.5/8/98); 719 So.2d 51. Appellate review of questions of law is simply review of whether the lower court was legally correct or legally incorrect. Oliver v. Department of Public Safety & Corrections, Office of Alcoholic Beverage Control, 94-1223, p. 3 (La.App. 1 Cir. 6/23/95); 657 So.2d 596, 597.
ANALYSIS
At the time of OFI’s investigation of LAFS, La. R.S. 9:3550 H provided:
Whenever a financed insurance contract is cancelled, the insurer shall return whatever gross unearned premiums, less any unearned commissions due the insurer, are due under the insurance contract to the insurance premium finance company for the account of the insured or insureds as soon as reasonably possible but in no event shall the period for payment exceed sixty days after the effective date of cancellation. In the event that the crediting of return premiums to the account of the insured results in a surplus over the amount due from the insured, the insurance premium finance company shall refund such excess to the insured provided that no such refund shall be required if it amounts to less than one dollar.[5]
This statute clearly requires the insurer to return unearned premiums and commissions to the insurance premium financing company as soon as reasonably possible, allowing a maximum of sixty days from cancellation to return. However, the statute does not mandate a maximum time limit for the insurance premium financing company to refund surpluses to the insured. The statute is silent concerning the time limit required of the insurance premium financing company to return refunds to the insured. If a statute imposes a duty but is silent as to when it is to be performed, a reasonable time is implied.[6] See NORMAN J. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION § 55.03 (5th ed.1992). Therefore, while not required by section 3550 to return unearned premiums and commissions within a specific time period, LAFS was required to return the monies to its customers within a reasonable time.
The record establishes LAFS failed to return approximately 300 refund checks, totaling approximately $15,000.00, to customers during 1993 and 1994 because of computer programming and software problems. In some instances, the refund checks were not sent for over one year. In August 1994, when LAFS | determined the backlog of refund checks had become critical and had identified the specific computer problems responsible, an individual with particularized experience was hired, and all the refund checks were mailed to customers within a four month period. While we do not condone a lengthy delay in the return of refund checks to customers, LAFS’s concentrated efforts to correct the computer problems resulted in refunds of the unearned premiums and commissions to the insured within four months after the problem was identified. We consider this a reasonable time considering the technical computer problems LAFS faced, and we find no violation by *221 LAFS of the requirements of La. R.S. 9:3550 H. The district court was legally correct.
In addition, we find no error in the district court’s award to LAFS for costs and attorney fees, as these are recoverable pursuant to La. R.S. 49:965.1.
CONCLUSION
The judgment of the district court is affirmed. All costs of this appeal, in the amount of $3,858.87, are to be paid by the appellant, the Department of Economic Development, Office of Financial Institutions.
AFFIRMED.
PARRO, J., concurs.

. Although other violations by LAFS were alleged, they are not at issue in this appeal.

. While we note that the district court judgment, prepared by counsel for LAFS, includes language which describes the Commissioner's cease and desist order as "dated August 13, 1996”, the record contains no cease and desist order by the Commissioner dated August 13, 1996. LAFS’s petition for judicial review, filed with the district court and included in the record before this court, clearly seeks review of the Commissioner’s August 13, 1996 decision which suspended LAFS’s license and dissolved "the Cease and Desist Order issued on November 30, 1994”. In fact, our review of the record establishes the cease and desist order at issue in this appeal was undated but was effective upon receipt, which the record establishes was November 30, 1994 at 10:18 a.m. Therefore, it is clear that the erroneous language contained in the district court judg *219 ment was merely typographical, rather than substantive.

. We note OFI’s simultaneous assignments of error and arguments numbered 1, that the district court erred in reversing a nonexistent cease and desist order, and numbered 4, that the district court erred in reversing a valid cease and desist order (emphasis ours). These conflicting arguments are addressed by our comments in note 2, supra.

. Although the Pacificorp case refers to the "manifest error” standard of review, La. R.S. 49:964 G(6) was amended in 1997 to allow reversal or modification if the administrative findings are not supported and sustainable by a preponderance of evidence. 1997 La. Acts No. 128. The Act also designated this amendment as a procedural change and made it applicable to all pending cases.

. La. R.S. 9:3550 H was subsequently amended by 1995 La. Acts No. 1184 and 1997 La. Acts No. 237 and now requires an insurance premium financing company to refund to the insured certain unearned premiums and commissions within sixty days of receipt from the insurer.

. At the hearing on this matter, OFI offered no proof of any promulgated rule which required an insurance premium financing company to return a refund for unearned premiums and commissions within a specific time limit.