905 So.2d 353 (2005)
Madalyn M. Cochrane, Wife of/and Charles COCHRANE
v.
The LOUISIANA TAX COMMISSION, Assessor of the Third Municipal District Erroll G. Williams and Reginald Zeno, Director of Finance, City of New Orleans
No. 2004-CA-1671.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 2005.
*355 Joseph E. Friend, Breazeale, Sachse, & Wilson, LLP, New Orleans, Counsel for Plaintiff/Appellant.
Jack K. Whitehead, Jr., Deborah L. Crain, Whitehead Law Firm, Baton Rouge, Counsel for Defendant/Appellee, Louisiana Tax Commission.
Gregory D. Guth, Law Office of Gregory D. Guth, New Orleans, Counsel for Defendant/Appellee, Erroll G. Williams, Assessor of the Third Municipal District.
Court composed of Judge JAMES F. McKAY III, Judge MAX N. TOBIAS Jr., Judge DAVID S. GORBATY.
McKAY, J.
The appellants, Madeline (Madalyn)[1] McCormick Cochrane and Charles Cochrane, appeal two judgments of the trial court, which affirmed the decision of the Louisiana Tax Commission (LTC) regarding the correctness of Assessor Erroll G. Williams' action in placing appellants' home on the tax rolls for the tax year 1999, and a judgment striking appellants' challenge to their 2004 assessment via supplementing and amending their 2000 lawsuit.
The appellant, Erroll G. Williams (Assessor), assessor for the third municipal district for the parish of Orleans, appeals the judgment of the trial court denying the rehearing on his exception of res judicata.

FACTS AND PROCEDURAL HISTORY
The appellants, Madeline and Charles Cochrane, own the property, which is the subject of this lawsuit, located at 5901 Doral Court, in the third municipal district. Initially, the appellants applied for a building permit on April 30, 1993, which was approved on June 2, 1993. The appellants/taxpayers assert that they did not actually occupy the property until November of 1998, as the improvements to the property took five years. In August of 1998, the Assessor placed the property on the tax roll for 1999 and valued the house at $432,800.00. The appellants filed the original suit on December 29, 1999, in the matter entitled "Mrs. Madalyn McCormick, wife of/and Charles Cochrane, Sr., vs. Erroll G. Williams, Assessor, Third Municipal District, City of New Orleans, Board of Review Orleans Parish, Louisiana Tax Commission, and the City of New Orleans, Department of Finance, Bureau of Treasury," contesting the assessment of the Doral Court property. More particularly, the suit contested whether or not it was proper for the Assessor to place the property on the tax rolls for 1999. The appellants petitioned the Civil District Court for the Parish of Orleans (CDC) in docket No. 99-20812 requesting relief from the district court for the alleged improper placement on the 1999 tax rolls. The appellants/taxpayers alleged that this property was not used as a residence or otherwise complete by August 1, 1998. This matter was dismissed on July 5, 2000, based on an exception of no cause or right of action that the Assessor filed. Additionally, the district court affirmed the *356 $432,800.00 assessment. The appellants did not appeal this final judgment.
The appellants subsequently filed the instant matter in CDC challenging their 2000 ad valorem assessment. The district court remanded this matter to the LTC for a determination of whether or not improvements to the Doral Court property should have been placed on the rolls for the tax year 1999 and for a determination of fair market value for the 2000 tax year. Subsequent to this filing, the appellants amended the 2000 lawsuit to include claims for the tax years 2000 through 2002, and then 2003, and sought further clarification on the remand regarding tax year 1999.
From these amendments the Assessor excepted to any reconsideration of the tax year 1999 based on the res judicata effect of the judgment rendered in the 1999 suit dismissing the lawsuit. The district court initially granted the exception, but on rehearing reversed its previous ruling and denied the appellants' exception of res judicata. It is from this judgment that the Assessor appeals to this Court to reverse the district court's ruling regarding the issue of res judicata.

STANDARD OF REVIEW FOR ADMINISTRATIVE HEARINGS
In Giles v. Cain, 98-0212, p. 7 (La.App. 1 Cir. 4/19/99), 734 So.2d 109, 114, the appropriate standard of review for administrative hearings is discussed.
The trial court applies the manifest error standard of review in reviewing the facts as found by the administrative tribunal; the trial court applies the arbitrary and capricious test in reviewing the administrative tribunal's conclusions and its exercise of discretion. Save Ourselves, Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152, 1159 (La.1984); Rochon v. Whitley, 691 So.2d at 192. When reviewing an administrative final decision in an adjudication proceeding, the district court functions as an appellate court. Further, an aggrieved party may obtain review of any final judgment of the district court by appeal to the appropriate court of appeal. On review of the district court's judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. See LSA-Const. art. V, § 5(C); Donnell v. Gray, 215 La. 497, 41 So.2d 66, 67 (1949); Eicher v. Louisiana State Police, Riverboat Gaming Enforcement Division, 97-0121, p. 5 n. 5 (La.App. 1st Cir.2/20/98); 710 So.2d 799, 803 n. 5, writ denied, 98-0780 (La.5/8/98); 719 So.2d 51.
Furthermore, appellate review of a question of law involves a determination of whether the lower court's interpretive decision is legally correct. Johnson v. Louisiana Tax Commission, XXXX-XXXX (La.App. 4 Cir. 1/16/02), 807 So.2d 329, reversed on other grounds, Williams v. Belle of Orleans, L.L.C., XXXX-XXXX (La. App 4 Cir. 12/1/04) 890 So.2d 670, citing Sander v. Brousseau, XXXX-XXXX (La.App. 4 Cir. 10/4/00), 772 So.2d 709, 711. The trial court is required to conduct its review upon the record that was before the Board. Crawford v. American Nat. Petroleum Co., XXXX-XXXX, p. 6 (La.App. 1 Cir. 12/28/01), 805 So.2d 371, 377. It considers only facts on the Board's record and questions of law. Id. The Louisiana Supreme Court observed in St. Pierre's Fabrication and Welding, Inc. v. McNamara, 495 So.2d 1295, 1298 (La.1986), that the Board's findings of fact are to be accepted by the reviewing trial court where there is substantial evidence in the record to support them. These findings of fact are not to "be set aside unless they are manifestly *357 erroneous in view of the evidence on the entire record." Id. at 1298. The Board's decision must be affirmed absent legal error or a failure to follow the correct procedural standards. Collector of Revenue v. Murphy Oil Co., 351 So.2d 1234, 1236 (La. App. 4 Cir.1977); Crawford, supra.

ASSIGNMENTS OF ERROR
The appellants/taxpayers argue that the district court, acting in its appellate capacity, erred in affirming the LTC decision to place the 5901 Doral Court property on the tax roll for the tax year of 1999. They also argue that the district court, acting in its appellate capacity, erred in either dismissing the 2004 protest suit filed by taxpayers on their 2004 taxes or by allowing it to be amended or ordering it reallotted to challenge the 2004 taxes.
The Assessor asserts that the district court, acting in its appellate capacity, erred in its decision to overturn its previous decision to grant an exception of res judicata for the 1999 case.
We will first address the issue concerning the Assessor's placing the Doral Court property on the tax roll for the tax year of 1999. The Louisiana Constitution authorizes the collection of ad valorem taxes in the state. La. Const. Art. VII, § 18. La. R.S. 47:1997 discusses when ad valorem taxes become delinquent in Orleans Parish and the consequences of delinquencies. La. R.S. 47:1997(B) states in pertinent part:
The collection of taxes shall begin on the first day of January of the year 1972, and for each year thereafter, for which such taxes are levied. Beginning with the year 1972, the entire amount of such taxes shall become delinquent on the first day of February and said taxes shall bear ten percent per annum delinquent penalty from the date of delinquency until paid. On the thirty-first day of December of each year, commencing with December 31, 1972, the director of finance of the city of New Orleans, under such regulations as may be prescribed by the city council, shall forthwith proceed to advertise and sell for delinquent taxes the real estate and public utilities upon which taxes are delinquent and shall also proceed to enforce the collection of delinquent personal property taxes. La. R.S. 47:1997(B).
In Orleans Parish, ad valorem taxes are assessed the year prior to the taxing year. The taxes are collected beginning January 1st of the taxing year and become delinquent on February 1st of the taxing year. If taxes are not paid by December 31st of the taxing year, the property shall proceed to a tax sale. Lindy Development, L.L.C. v. Degan XXXX-XXXX, p. 6 (La.App. 4 Cir. 4/21/04), 874 So.2d 252, 256.
Title 47 provides a procedure for review of an allegedly incorrect assessment of ad valorem taxes. An assessment valuation shall be challenged first by appeal to the Board of Review as provided by La. R.S. 47:1992, then by appeal to the Louisiana Tax Commission as provided by La. R.S. 47:1989, and finally by judicial review as provided by La. R.S. 47:1998. Casey v. Johnson, XXXX-XXXX, p. 4 (La. App. 4 Cir. 6/19/02), 821 So.2d 743, 746.
The appellants/taxpayers assert that they were not yet in residency of the property when the initial assessment took place. The record reflects that the appellants obtained a permit to build a new home on April 30, 1993, but that they did not reside at the home until Thanksgiving of 1998.
In August of 1998, the Assessor evaluated the property and placed the taxpayers' *358 improvements on the tax roll for 1999.[2] The appellants assert that they should not have been on the tax rolls until 2000, On December 29, 1999, the taxpayers sought relief from the district court, but this matter was dismissed on July 5, 2000, via an exception of no cause or right of action that was filed by the Assessor.[3]
After other improvidently considered administrative reviews, upon the order of the district court, on remand, the LTC heard matters concerning the 1999 issue regarding the premature placing of the residence on the tax roll for the 1999 tax year and the 2000 appeal regarding the fair market value determination. In any event, a decision was rendered by the LTC on March 11, 2003, finding that the Assessor was proper in placing the property on the rolls for 1999, and that the fair market value, as determined by the Assessor in the amount of $432,800, was correct. This decision was affirmed by the district court.
The Assessor argues that the taxpayers' 1999 petition (docket No. 99-20812) was dismissed on July 5, 2000, pursuant to the exception of no cause/right of action and consequently became final, as no appeal was filed. We agree. The fact that the taxpayers continue to assert the prematurity of the 1999 tax year assessment is inconsequential as the judgment was final and appealable yet not appealed timely, and will not be further visited by this Court. Nevertheless, we agree with the judgment of the district court affirming LTC's decision of March 11, 2003, and holding that the Doral Court property was properly placed on the tax roll for the year 1999 for both land and improvements.
The Assessor asserts that the matter concerning the 1999 tax roll subject property is res judicata. We agree. We have somewhat touched on this issue above but not under the theory of res judicata. Under Louisiana law after a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. La.R.S. 13:4231; La.C.C.P. art. 425. Louisiana's res judicata statute, La. R.S. 13:4231, reads as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of the final judgment arising out of the transaction or occurrences that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
In Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654, 95-0671 (La.1/16/96), 666 So.2d 624, the Louisiana *359 Supreme Court discussed the scope of res judicata as follows:

Res judicata is an issue preclusion device found both in federal law and in state law. Prior to the amendments to Louisiana res judicata law effective in 1991, Louisiana law on res judicata was substantially narrower than federal law. The purpose of both federal and state law on res judicata is essentially the same; [sic] to promote judicial efficiency and final resolution of disputes by preventing needless relitigation.
666 So.2d at 631.
In Burguieres v. Pollingue, XXXX-XXXX (La.2/25/03), 843 So.2d 1049, the Supreme Court set forth five criteria that must be met for a matter to be considered res judicata. They are:
(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
843 So.2d at 1053.
In the instant matter, as in Burguieres, all of the elements are clearly met. The criterion for the first and second elements are satisfied as the exception filed in the 1999 suit became a final and valid judgment upon the failure of the taxpayers to appeal their suit. The third criterion is satisfied as all of the parties are the same; in fact they are identical. The fourth criterion is satisfied as the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation. That is, the taxpayers filed suit in the 1999 action alleging that it was improper to place the property on the tax rolls for 1999 and the final judgment dismissed that cause of action for the taxpayers' failure to exhaust all administrative remedies pursuant to La. R.S. 47:1998. And finally, the fifth criterion is also clearly satisfied. The cause of action asserted in the second suit arose out of the same transaction or occurrence that was the subject matter of the first litigation: The taxpayers filed suit on the correctness challenge for the 2000 assessment in their second suit. These allegations were also comprised in the first suit, in particular in reference to the improper placement on the tax rolls for 1999. Consequently, based on the above analysis this matter is clearly res judicata.
The appellants/taxpayers also argue that the district court erred in dismissing their suit to recover 2004 taxes paid under protest. The Assessor in response to this suit filed an exception of prescription and motions to strike on grounds that the suit should have been filed as a new lawsuit. We agree.
The Assessor argues that in the taxpayers' most recent lawsuit, they filed an amended petition without leave of court or written consent of the defendants to supplement the 2000 suit (docket No. 2000-2528) and add the allegations regarding the 2004 assessment. La. C.C.P. art. 1151 and relevant statutes require the taxpayer to either file a new lawsuit or request leave of court to amend the 2000 petition to add the allegations of the 2004 assessment. La. R.S. 47:2110 governs this issue and discusses how to pay taxes under protest. It states in pertinent part:
Any person resisting the payment of any amount of tax due or the enforcement of any provision of the tax law in relation thereto, shall timely pay the amount due to the officer designated by law for the collection of such tax and shall give him, the parish or district *360 assessor, and the Louisiana Tax Commission written notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If a suit is timely filed contesting the correctness of the assessment pursuant to R.S. 47:1856, 1857, or 1998 and seeking the recovery of the tax, then that portion of the taxes paid that are in dispute shall be deemed as paid under protest and such amount shall be segregated and shall be further held pending the outcome of the suit. That portion of the taxes paid by the taxpayer to the officer which is neither in dispute nor the subject of a suit contesting the correctness pursuant to R.S. 47:1856, 1857, or 1998, shall not be made subject to the protest. La. R.S. 47:2110 A(2)
In the case sub judice, the taxpayers filed their 2004 lawsuit, entitled "Petition for Refund", under the same docket No. 2000-2528, Div. "A". On May 28, 2004, a hearing was held concerning this issue. This colloquy followed.
THE COURT: ...
Now as to the exceptions on the 2004 tax year.
MR. GUTH:
There are two different ones, your Honor. I filed a Motion to Strike what, in effect, was a supplemental and amending petition whereby they added the 2004 to the pre-existing suit. The statute says pay under protest, file a new suit.
They paid under protest and filed a petition in this case which was a supplemental and amending petition. The Code of Civil Procedure says that you're filing a supplemental and amending petition after an answer has been filed. You need moderate consent or your order. They got neither of them. That needs to be stricken from the record.
Once that is stricken from the record, then they have got prescription problems, but one at a time. They weren't entitled to supplement their petition without an order.
THE COURT:
Do you have leave of court?
MR. GUTH:
It wasn't, Judge. They just filed. There is no argument over there.
MR. FRIEND:
Would you like me to respond to that, your Honor?
THE COURT:
It's real clear. I know the tax  the assessor has answered the lawsuit as it relates to the other parts of it. And you supplemented and amended to add the 2004 tax year to it. Then you've got to get leave of court to do that.
MR. FRIEND:
You're talking about a procedural rule that can easily be fixed. But in any event, he did answer the suit. The matter is before the Court not on its merits today, obviously, but on this procedural concept that Mr. Guth has come up with.
THE COURT:
He hasn't come up with it. The law says 
MR. FRIEND:
There was no order. Therefore, somehow or other, we can't file a lawsuit.
THE COURT:
He didn't say you couldn't file it. Wait. The law is real clear. In the Code of Civil Procedure it is very clear on a rule  on a motion to Supplement and Amend Petition. If an answer has been filed, you've got to get leave of court.
MR. FRIEND:

*361 There was no answer filed. This is a brand new suit.
THE COURT:
No, it's not. If you filed a supplemental and amending petition, it's not a brand new suit.
Now, what you should have done is gone and got another case number if you're going to call it a new suit. But when you supplement and amend a petition, you had a petition in here, we talked about the 2002,2003  and you want to amend that petition to call it for the 2004, in the one that you have already got.
Now, either you were trying to get around paying the filing fee for the original new suit and you paid the supplemental and amending. The law is very clear, on the supplementing and amending petition, you've got to get leave of court when an answer has already been filed.
. . .
THE COURT:
Counsel, you filed it to amend the original petition that you have filed to include the 2004 tax year. Isn't that what you did?
MR. FRIEND:
No. What I did was file a petition under the same number. It is not a supplemental and amending petition.
THE COURT:
But you can't do that.
MR. FRIEND:
Your court  your Honor, your court has had this issue, as you said earlier.
THE COURT:
See, Mr. Friend, look. Mr. Friend, the way you do that, if you're filing a new suit, you file a separate  under a new number. Then it gets consolidated with this one. If you supplement and amend, you've got to now ask for leave of court to file it. It's real simple. It's not difficult. If you didn't do that 
Ultimately, as a result of this hearing the district court granted the motion striking the taxpayers' supplemental and amending petition challenging their 2004 property taxes. In accordance with the law and evidence presented in this matter we find no error in the district court's judgment. Accordingly, we affirm the judgment of the district court
AFFIRMED
NOTES
[1] This name appears throughout the record spelled both ways.
[2] The fair market value place on this home is $432,800: $52,400 land value and $380,000 improvement value.
[3] The exception was based on La. R.S. 47:1998, which mandated following proper procedure in administrative review which is appeal to the Board of Review, to the LTC and then to the district court.