FOGG, Judge.
This action was instituted, pursuant to the Uniform Disposition of Unclaimed Property Statute, La.R.S. 9:151 et seq, against the Department of Revenue and Taxation (the “Department”) to obtain a refund of $597,942.70. The issues raised on appeal are whether certain obligations owed by the plaintiff to its policyholders, represented by uncashed health and accident insurance benefit checks, are obtainable by the state pursuant to La.R.S. *279 9:180(A) and, if so, is La.R.S. 9:180(A) constitutional. This action pertains only to uncashed benefit checks issued from July 10, 1981 through June 30, 1984. The trial court rendered judgment in favor of the State, dismissing plaintiffs claim. For the following reasons, we affirm.
Louisiana Health Service and Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana (LHSIC), is a non-profit mutual insurance corporation engaged in the business of issuing hospital, surgical and medical contracts as either insurer or as an administrator of self-insured plans. In the ordinary course of business, LHSIC receives proofs of claims which it analyzes to determine whether benefits are payable under the applicable contracts or policies, and, if so, to what extent such policies are payable. When benefits are payable, LHSIC issues benefit checks either to the insured or to the provider of services, depending on the applicable circumstances. Benefit checks issued by LHSIC are sometimes not cashed and remain outstanding for extended periods of time.
Pursuant to the Uniform Disposition of Unclaimed Property Statute, LHSIC paid to the Department the sum of $597,942.70, representing the amount of uncashed benefit checks issued by LHSIC from July 10, 1981 through June 30, 1984. Subsequently, LHSIC brought the present suit seeking recovery of this sum. The trial court rendered judgment in favor of the Department, dismissing plaintiffs case. LHSIC appeals that judgment, asserting that prescription extinguished LHSIC’s obligations represented by the uncashed benefit checks before they could become “abandoned property” under the above legislation. Alternatively, LHSIC contends that La.R.S. 9:180(A) results in a taking of property without just compensation in violation of La. Const, art. 1, § 4.
The facts in the case of Louisiana Health Service v. McNamara, 561 So.2d 712 (La.1990) were substantially similar to those of the present case. In that case, the supreme court held that the uncashed benefit checks issued on or before July 9, 1981 were precluded by prescription from becoming “abandoned property” under the Uniform Disposition of Unclaimed Property Statute prior to its amendment in 1986 (the “Old Act”).
The present suit concerns the same type of obligations involved in McNamara, namely uncashed benefit checks. The checks in this suit, however, were issued during a subsequent time period, July 10, 1981 through June 30, 1984. Therefore, the case is governed by the version of the Uniform Disposition of Unclaimed Property Statute which became effective July 10, 1986 (the “New Act” or the “Statute”). The issue before this court is whether or not the 1986 amendments to the Uniform Disposition of Unclaimed Property Statute changes the result reached in McNamara.
Both the New and Old Acts provide that “all tangible personal property” owing in the ordinary course of a “holder’s” business which has remained unclaimed by the “owner” for a certain period of time after it became payable is presumed abandoned. La.R.S. 9:153 (formerly La.R.S. 9:160). A “holder” is defined to include a person “indebted to another on an obligation.” La. R.S. 9:152(7)(c) (formerly R.S. 9:152(5)). An “owner” is defined to include a creditor or a payee. La.R.S. 9:152(12) (formerly La. R.S. 9:152(7)).
Holders are required to file a report with the Department by November 1st of each year listing all property presumed abandoned as of the preceding fiscal year ending June 30th. La.R.S. 9:168(D) (formerly La.R.S. 9:162(D)). The holder is then required to deliver the property presumed abandoned to the Department within a particular time period. La.R.S. 9:170 (formerly La.R.S. 9:164).
The New Act differs from the Old Act in three pertinent respects. First, the New Act shortened the “more than seven years” holding period of the Old Act and now applies to property unclaimed “for more than five years after it became payable.” La.R.S. 9:153. Second, La.R.S. 9:168 of the Old Act which expressly granted the holder the right to assert prescription was repealed. Third, La.R.S. 9:180(A) was enacted in 1986 and provides as follows:
The expiration, before or after the effective date of this Chapter, of any period of *280 time specified by contract, statute, or court order, during which a claim for money or property can be made or during which an action or proceeding may be commenced or enforced to obtain payment of a claim for money or to recover property, does not prevent the money or property from being presumed abandoned or affect any duty to file a report or to pay or deliver abandoned property to the administrator as required by this Chapter.
Specifically, we must decide whether La. R.S. 9:180(A) allows property to be presumed abandoned even though the obligation has prescribed as between the owner and the holder and, if so, whether that legislation violates the due process provisions of La. Const. Art. 1, § 4.
LHSIC contends that the statute only requires the holder to report and deliver the property and that the presumption that such property is abandoned does not prevent the state’s right from falling to the defense that the action has prescribed as between the owner and the holder. We disagree. Adopting LHSIC’s interpretation of the statute would render it meaningless. Additional reporting and delivery would be required, but the final result would be virtually no different than prior to the amendment of the statute. In construing a statute we are bound to consider all parts together, giving effect to all parts, if possible, and not construing as surplusage any sentence, clause or word, if a construction can be legitimately found which will give meaning to and preserve all words of the statute. Perkins v. State Bd. of E. & S. Educ., 562 So.2d 930 (La.App. 1st Cir.1990), writ denied, 565 So.2d 448 (La.1990).
In interpreting a statute, words and phrases shall be read with their context. La.R.S. 1:3. A law shall be applied as written when it is clear and unambiguous and its application does not lead to absurd consequences. La.C.C. art. 9. La.R.S. 9:180(A) provides, in pertinent part, that the expiration of a prescriptive period does not prevent an obligation from being presumed abandoned. The statute has no effect on the prescriptive period that applies as between the owner and the holder. Rather, the statute simply and plainly provides that obligations that have prescribed still fall within the definition of property that is presumed abandoned. This interpretation of the La.R.S. 9:180(A) is consistent with the clear and unambiguous words of that statute and gives it meaning within the entire escheat statute.
This interpretation is also consistent with the spirit and purpose of the escheat legislation which is that unclaimed property accrues to the benefit of the general public rather than to the benefit of the holders of the property. The Louisiana Supreme Court has described the Uniform Disposition of Unclaimed Property Act as a custodial escheat law, whereby holders of property that is deemed abandoned by virtue of its having been unclaimed for a period of time are required to report its existence to the state. If the owners are not found, the property is turned over to the state, which holds it in perpetual custody for the missing owner. The distinctive feature of these statutes is that the state’s claim to the property derives from the claim of the absent owner, rather than any claim to ownership by the state in its own right. Although one purpose of the act is to protect the missing owners, the primary rationale behind this legislation is its use as a revenue raising device. Pending a claim by the missing owner, the state receives the use of the property as well as any income that it may provide. These acts reflect a policy that unclaimed property should benefit the general public rather than the holders of the property. McNamara, 561 So.2d at 716.
For the foregoing reasons, we find that La.R.S. 9:180(A) provides that the expiration of a prescriptive period does not prevent an obligation from being presumed abandoned.
LHSIC further contends that if La. R.S. 9:180(A) allows the state to take custody and enforce these obligations it does so in violation of La. Const, art. 1, § 4. LHSIC argues that the state’s rights are derived solely from those of the owner and are no greater that those of the owner. Therefore, the statute allows the taking of its property without compensation. We disagree.
*281 For purposes of the escheat law, LHSIC is the holder of an obligation in favor of its insured. The expiration of a prescriptive period merely bars the insured’s remedy, it does not extinguish the cause of action itself. See Achord v. City of Baton Rouge, 489 So.2d 1373 (La.App. 1st Cir.), writ denied, 493 So.2d 641 (La.1986). By the terms of La.R.S. 9:180(A) the legislature has simply withheld, from the holder, the plea that the obligation has prescribed as between the holder and the owner. Prescription as a bar to an action on an obligation is a defense provided by law. The legislature, in its wisdom, may grant, withhold, qualify or restrict the right to such a defense as it sees fit. Davis v. Contorno, 234 So.2d 470 (La.App. 1st Cir.1970). In this instance, the legislature has enacted a law withholding from an obligor this defense to an obligation for purposes of the escheat legislation. In this legislative action, we find no violation of the Louisiana Constitution.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against LHSIC.
AFFIRMED.