|1PLOTKIN, Judge.
Plaintiff Luke Henry Gross Sr. appeals a trial court judgment dismissing his personal injury action against defendant Allstate Insurance Co. on a motion for summary judgment. We affirm.

Facts

Gross suffered personal injuries on December 31, 1993, when he was struck by a motor vehicle owned and operated by defendant Robert Sidorski while Gross was a pedestrian standing near his cab parked in front of the Westin Canal Place Hotel in the City of New Orleans. As a result of that accident, Gross filed the instant suit, seeking recovery *865 of his damages against Sidorsky and his insurer, Allstate.
Allstate filed a motion for summary judgment, alleging that Sidorski was a Florida resident and that the automobile involved in the accident was registered and garaged in Florida. Further, Allstate claimed that the insurance policy issued to Sidorski included only Personal Injury Protection (PIP) and property damage liability coverage, but did not include bodily injury liability coverage, all in accordance with Florida’s no-fault motor vehicle insurance statute. Additionally, Allstate asserted that the PIP portion of the policy does not apply to and, in fact, specifically excludes coverage for any pedestrian who was not a legal | ¿resident of Florida. Allstate thus argued that because Gross is not a Florida 2’esident, his claims are excluded under the policy.
The trial court granted the motion for summary judgment, giving the following reasons for judgment:
As I understand Florida no fault law, a victim of a vehicular accident may not claim damages from the adverse driver, absent permanent injury. Rather, he is to recover a percentage of his wages and medical expenses from his own insurance carrier.
In response to Florida law, Allstate issued to the tortfeasor Personal Injury Protection Policy (PIP). It can be likened generally to a collision policy.
Because a pedestrian may not own a vehicle and would not carry a P.I.P. policy of his own, Florida law required Allstate to provide coverage for pedestrians that may be damaged by an insured vehicle. The statute requiring such coverage does not limit such protection of Florida residents in Section 1 of 627.736 entitled “Required Benefits”. But Section 4(d) [sic] does limit pedestrian coverage to Florida accidents damaging Florida residents.
Mr. Sidorski did not buy liability insurance from Allstate.
I conclude the P.I.P. policy does not cover this accident, and the Allstate motion for summary judgment will be granted.
On appeal, Gross challenges the trial court judgment, claiming that Florida law requires that insurance policies include coverage for pedestrians injured by an insured vehicle.

Applicable Florida no-fault automobile insurance law

The minimum required benefits under the Florida no-fault motor vehicle insurance law are set forth in § 627.736 of the Florida statutes. That provision provides, in pertinent part, as follows:
(1) REQUIRED BENEFITS. — Every insurance policy complying with the security requirements of § 627.733 shall provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, subject to the provisions of subsection (2) and paragraph (4)(d), to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle....
^Subparagraph (2) of that section, referred to in subparagraph (1), provides “authorized exclusions” to the requirements, as follows:
(a) For injury sustained by the named insured and relatives residing in the same household while occupying another motor vehicle owned by the named insured and not insured under the policy or for injury sustained by any person operating the insured motor vehicle without the express or implied consent of the insured.
(b) To any injured person, if such person’s conduct contributed to his injury under any of the following circumstances:
1. Causing injury to himself intentionally; or
2. Being injured while committing a felony.
Gross argues the above two provisions, when read together, require that the Allstate policy issued to Sidorski provide coverage for the injuries he received in the pedestrian/motor vehicle accident. Gross notes that Sub- *866 paragraph (1) of § 626.736 generally requires that every insurance policy provide personal injury protection to persons other than the named insured who are struck by the insured vehicle “and sufferL ] bodily injury while not an occupant of a self-propelled vehicle.” Further, Gross argues that the only exceptions to that requirement are the “authorized exclusions” listed in subparagraph (2) of the same section. Because subparagraph (2) does not provide an exclusion that includes the factual circumstances of the instant case, Gross claims that the trial court improperly granted the motion for summary judgment.
However, Gross’ interpretation of the law ignores the fact that the minimum required benefits provision of subparagraph (1) of § 627.736 is subject, not only to the provisions of subparagraph (e), but also to the provisions of subparagraph (4)(d). Subpara-graph (4)(d) provides as follows:
(d) the insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle.
2. Accidental bodily injury sustained outside this state, but within the United States of American or its territories or possessions of Canada, by the owner while occupying the owner’s motor vehicle.
3. Accidental bodily injury sustained by a relative of the owner residing in the same household, under the circumstances described in subparagraph 1 or subpara-graph 2, provided the relative at the time of the accident is domiciled in the owner’s | household and is not himself the owner of a motor vehicle with respect to which security is required under §§ 627.730— 627.7405.
4. Accidental bodily injury sustained in this state by any other person while occupying the owner’s motor vehicle or, if a resident of this state, while not an occupant of a self-propelled vehicle, if the injury is caused by physical contact with such motor vehicle, provided the injured person is not himself.
(Emphasis added.)
The standard imposed on Louisiana courts for construing statutes has been explained as follows:
In construing a statute we are bound to consider all parts together, giving effect to all parts, if possible, and not construing as surplusage any sentence, clause or word, if a construction can be legitimately found which will give meaning to and preserve all words of the statute.
Louisiana Health Service v. Tarver, 622 So.2d 277, 280 (La.App. 1st Cir.1993). See also State v. Novel, 356 So.2d 950 (La.1978); Clark v. Board of Commissioners, 422 So.2d 247 (La.App. 4th Cir.1982).
Acceptance of Gross’ interpretation of Florida’s no fault motor vehicle insurance law would require that we violate the above standard and construe subparagraph (4)(d) as surplusage in the Florida no-fault motor vehicle insurance law. Obviously, if the general minimum required benefits provision in subparagraph (1) of § 627.736 is construed to absolutely require coverage in all situations except those covered by the authorized exclusions enumerated in subparagraph (2), then subparagraph (4)(d) would be redundant and unnecessary. Such a construction is improper under the law, especially in light of the fact that the construction advanced by Allstate and accepted by the trial court is a legitimate construction of the statutes “which give[s] meaning to and preserve[s] all the words of the statute.” Tarver, 622 So.2d at 280.
The only construction that gives meaning to and preserves all the words of the Florida no-fault motor vehicle insurance law mandates that we consider subparagraph (1) of § 627.736 a general “required benefits” provision, requiring that every insurance policy provide personal injury protection to four groups of people, including “persons struck by [an insured motor vehicle] and suffering bodily injury while not an occupant of a self-propelled vehicle.” Read alone, that provision would seem to require coverage in the instant case, |5involving a pedestrian unquestionably struck by an insured vehicle. How *867 ever, we may not read subparagraph (1) alone, especially because the required benefits provision is expressly made “subject to the provisions of subsection (2) and paragraph (4)(d)” of the same section.
The only logical construction of those three provisions together requires that we consider subparagraph (4)(d) of § 627.736 as setting forth four specific situations in which personal injury protection is mandatory, indicated by the use of the word “shall” in the introduction to the paragraph. According to subsection (4) of that subparagraph, the only time personal injury protection coverage is required when the injured party is a pedestrian is when the party is “a resident of this state,” meaning Florida. The situation presented by the instant case, in which a pedestrian who was not a Florida resident was struck by an insured vehicle, is not a situation where personal injury coverage is required by the applicable provisions. Thus, the specific provisions of paragraph (4)(d) allow an insurer to expressly exclude coverage in any situation not specifically addressed by one of the provisions of that paragraph. Because the insurance policy in the instant case specifically excludes coverage for “any ... person while a pedestrian, though being struck by the insured motor vehicle,” the trial court correctly granted the motion for summary judgment in favor of the insurer.
Of course, we also cannot ignore the provisions of subparagraph (2) of § 627.736, relative to authorized exclusions. However, the provisions of that subsection must be interpreted, not as establishing the only exceptions to the minimum required benefits enumerated in subparagraph (1), but to allow insurance companies to exclude coverage, even when one of the mandatory circumstances enumerated in subparagraph (2) applies, when one of the listed exclusions is also present.
This interpretation of the statute is the only possible construction that fulfills our mandate to read the statute in the manner that gives meaning to all of the stated provisions. Gross’ interpretation of the statute makes paragraph (4)(d) completely meaningless and superfluous. If the provisions of subsection (1) of § 627.736 are read to require personal injury insurance coverage in all situations not covered by the exclusions established by subsection (2), then the provisions of paragraph (4)(d) would have no meaning.
IsAccordingly, the judgment of the trial court granting the motion for summary judgment and dismissing Gross' action against Allstate is affirmed.

AFFIRMED.

BARRY, J., agrees with the result.
CIACCIO, J., dissents with reasons.