Dear Judge Gray:
You have requested an opinion of the Attorney General regarding the disposition of checks issued by the Orleans Parish Juvenile Court (Court) that have remained uncashed.
You state that, over the years prior to 1985, there were hundreds of non-support checks issued by the Court in an amount approximating $102,261. In 1985, the bank account at the American Bank on which the non-support checks were issued was closed. At the time of the closure, the funds remaining were transferred to a new bank account. The checks representing these funds have never been presented for payment.
You specifically ask whether the Court may extinguish the liability representing these uncashed checks and, if so, will this extinguishment accrue to the benefit of the Court and be credited accordingly.
In answer to your question, we refer you to R.S, 9:151, et seq., which comprise the Uniform Unclaimed Property Act of 1997. Section 153(11) and (12) provide the following:
 "As used in this Chapter:
 (11) `Person' means an individual, business association, estate, trust, partnership, government, governmental subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity.
 (12) `Property' means a fixed and certain interest in intangible property that is held, issued, or owed in the course of a holder's business or by a government or governmental entity, and all income or increments therefrom. The term includes property that is referred to as or evidenced by the following:
 a). Money, a check, draft, deposit, interest, or dividend."
Section 154 provides, in pertinent part, with regard to the presumption of abandonment, as follows:
 "A. Property is presumed abandoned if it is unclaimed by the apparent owner during the time set forth below for the particular property for the following:
 * * * (10). Property held by a court, state or other government, governmental subdivision or agency, public corporation, or other public authority, one year after the property becomes distributable, except as provided in R.S. 15:86.1."
The exception noted above does not pertain to the Court and is therefore inapplicable.
As can be seen from the above, the uncashed checks in question are deemed to represent unclaimed property, and the laws relative to the reporting and transfer thereof (i.e., Sections 159 and 160) should be followed. Accordingly, we find that the proceeds representing the checks should be remitted to the Department of Revenue and Taxation.
Parenthetically, we note that the expiration of the prescriptive period on obligations between the owner and holder of unclaimed property does not prevent the obligation from being presumed abandoned for purposes of the Uniform Disposition of Unclaimed Property statutes. See Louisiana Health Service and IndemnityCompany v. Tarver, 622 So.2d 277 (1st Cir. 1993). While writs were granted in the case, the Supreme Court affirmed the decision of the lower court.
You may wish to consider remedial legislation that would authorize the retention of this property by the Court.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III/dra