11THIBODEAUX, Judge.
Kenneth Chelette brought suit against Job Valentine and Colonial Penn Insurance Company (hereinafter “Colonial Penn”) for personal injuries sustained by his wife and son in an automobile accident. Chelette alleged that the collision occurred because Valentine failed to obey a traffic control signal at an intersection. | ^Colonial Penn filed a motion for summary judgment, contending that the insurance policy it issued to Valentine did not provide coverage for the injuries sustained because it had canceled the policy before the accident occurred. Chelette filed a cross motion for summary judgment, contending that the insurance policy provided coverage because Colonial Penn did not properly cancel the policy after the insured, Valentine, stopped payment on a check which he had issued to pay the premium. Colonial Penn appeals the judgment of the trial court granting Chelette’s motion for summary judgment, denying its motion for summary judgment and finding that the insurance policy issued to Valentine provides coverage. For the reasons which follow, we affirm.
L

ISSUE

We shall consider whether Colonial Penn properly canceled the insurance policy it issued to Valentine by sending to Valentine a cancellation notice by regular U.S. mail after Valentine issued a stop payment notice on the check for the premium payment.
II.

FACTS

Colonial Penn issued an automobile liability policy to Valentine which was effective from August 31, 1996 to August 31, 1997. Valentine issued a check for the premium payment, but subsequently issued a stop payment to his bank. Colonial Penn was unable to negotiate the instru *71 ment. On September 20, 1996, it sent a notice of cancellation because of nonpayment to Valentine, stating that the [^policy would be canceled effective 12:01 a.m. on October 6, 1996, if payment of the premium was not received within ten days. The notice was sent by regular U.S. mail.
On the afternoon of October 6, 1996, Valentine was involved in an automobile accident with the Chelettes. Subsequently, Colonial Penn received a personal check postmarked October 28, 1996, from Valentine for payment of the premium.
III.

LAW AND DISCUSSION

Standard of Review
Appellate courts review summary judgments de novo; under the same criteria which govern the trial court’s consideration of whether summary judgment is appropriate. See Benoit v. Roche, 94-715 (La.App. 3 Cir. 6/14/95); 657 So.2d 574. A motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B). The interpretation of a statute is a question of law which may be decided by summary judgment. See Hall v. State, Through Dep’t of Pub. Safety, Office of Motor Vehicles, Driver Management Bureau, 474 So.2d 540 (La.App. 3 Cir.1985).
La.R.S. 22:636.1
Louisiana Revised Statutes 22:636.1 permits an insurer to cancel a policy for nonpayment of the premium by the insured. The relevant provisions of La.R.S. 22:636.1 provide:
D, (1) No notice of cancellation of a policy to which Subsection B or C of this Section applies shall be effective unless | ¿mailed by certified mail or delivered by the insurer to the named insured at least thirty days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given.... Notice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail.
[[Image here]]
(3)(a) Payment of an initial, renewal, or installment insurance premium by the insured to an insurer or an insurance agent with a check or other negotiable instrument which is returned to the payee by the institution upon which it is drawn for insufficient funds available in the account, for lack of credit, for the reason the account is closed, for stopped payment, or for any other reason shall be deemed grounds for the insurer to cancel the binder or policy from the date the premium payment was due.
(b) The insurer shall immediately notify the named insured, by certified mail or delivering to the named insured a written notice that the policy is can-celled from the date the premium payment was due.
[[Image here]]
F. Proof of mailing of notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured at the address shown in the policy, shall be sufficient proof of notice.
(Emphasis added).
In Theriot v. Midland Risk Insurance Co., 95-2895 (La.5/20/97); 694 So.2d 184, the Louisiana Supreme Court explained that the function of statutory interpretation rests with the judicial branch of government. In interpreting a statute, the starting point is the language of the statute itself. The paramount consideration is determining the legislature’s intent and the reasons that motivated the legislature to enact the law. Id. Words are to be given their generally prevailing *72 meaning while words of art and technical terms must be given their technical meaning when the law involves a technical matter. La.Civ.Code art. 11. Moreover, it is presumed that every word in a statute is designed to serve some useful purpose. See Losabia v. Cypress Hosp., 619 So.2d 151 (La.App. 3 Cir.), writ denied, 625 So.2d 1047 (La.1993). “Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless.” Bunch v. Town of St Francisville, 446 So.2d 1357, 1360 (La.App. 1 Cir.1984).
Colonial Penn claims that it properly canceled Valentine’s insurance policy by sending a notice of cancellation to Valentine by regular U.S. mail. It contends that pursuant to La.R.S. 22:636.1(D)(1), it was not required to send the notice of cancellation by certified mail. Rather, citing La.R.S. 22:636.1(F), Colonial Penn asserts that proof of mailing of the notice to Valentine at the address shown in the policy is sufficient proof of notice of the cancellation. Since Valentine did not submit the premium payment within ten days after the notice of cancellation was sent to him, Colonial Penn concludes that the policy was canceled at 12:01 a.m. on October 6, 1996.
We find that the trial court did not err in concluding that Colonial Penn did not properly cancel the insurance policy it had issued to Valentine. At the outset, we reject Colonial Penn’s argument that La.R.S. 22:636.1(D)(1) is controlling. Louisiana Revised Statutes 22.636.1(D)(3) specifically addresses the situation where an insured pays an initial, renewal, or installment premium with a negotiable instrument which is later returned by the draw-ee institution. It is well settled that a specific provision of law prevails in cases of conflict between general and specific laws on the same topic. See State Through Div. of Admin. v. McInnis Bros. Constr., 97-0742 (La.10/21/97); 701 So.2d 937. Thus, pursuant to La.R.S. 22:636.1(D)(3)(b), Colonial Penn was required to notify Valentine by certified mail or by delivering a ^written notice that the policy was cancelled from the date the premium payment was due.
It is undisputed that Colonial Penn sent the notice of cancellation to Valentine by regular, not certified, mail. Colonial Penn argues that the “delivery” requirement of La.R.S. 22:636.1(D)(3)(b) is satisfied where the insurer sends the notice of cancellation by regular U.S. mail. We disagree. The purpose of the notice requirement is “to protect an insured and the public against unnoticed termination of automobile-liability coverage” and to afford an insured “time to obtain other insurance protection.” Taylor v. MFA Mut. Ins. Co., 334 So.2d 402, 403-04 (La.1976). Presuming that the legislature did not intend for any part of La.R.S. 22:636.1(D)(3)(b) to be meaningless, redundant, or useless, we conclude that the “delivery” requirement connotes something other than mail delivery. This construction comports with the generally prevailing meaning of the word “deliver,” which WEBSTER’S NINTH NEW COLLEGIATE DICTIONARY (1989) defines as “to take and hand over” to another. Accordingly, if an insurer sends the notice of cancellation by mail delivery, it must be certified. If the legislature had intended regular mail to constitute a means of delivery, La.R.S. 22:636.1(D)(3)(b) would have specified “by certified mail or regular mail.” Because the legislature could have easily included regular mail in the provision, we conclude that its omission from La.R.S. 22:636.1(D)(3)(b) was intentional. This interpretation of the provision is consistent with the purpose of the statute and protects the insured from unnoticed termination of automobile liability coverage.
Because Colonial Penn did not properly cancel Valentine’s insurance policy, the policy was in effect at the time the accident occurred. The trial court did l7not err in granting Chelette’s motion for sum *73 mary judgment and in denying Colonial Penn’s motion for summary judgment.
jy

CONCLUSION

Based on the foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to Colonial Penn.
AFFIRMED.
AMY, J., concurs in part and dissents in part and assigns reasons.
PETERS, J., dissents and assigns written reasons.
PICKETT, J., dissents and joins in written reasons with PETERS, J.