J^WHIPPLE, J.
In this case, plaintiff, Alice McMaster, appeals the judgment of the lower court dismissing her demand for disability retirement benefits and affirming the denial of her demand by the Board of Trustees of the Parochial Employees’ Retirement System. For the foregoing reasons, we vacate the agency decision and remand with instructions.
FACTS AND PROCEDURAL BACKGROUND
McMaster was employed as a court reporter by the Parish of Jefferson, State of Louisiana, and was enrolled in the Parochial Employees’ Retirement System (“PERS”). She was dismissed from her position for excessive absenteeism on October 11,1996.
McMaster timely filed an application for disability retirement benefits. In the application, she described her disability as “high blood pressure, palpitations, acute stress reaction [and] cardiac [dysrhyth-mia].” In support of her application, she submitted a letter from her treating physician.
In accordance with LSA-R.S. 11:218(B), plaintiffs application for disability payments was initially assigned for review by Dr. H. Guy Riche, an internist on the State Medical Disability Board. Based upon his review of McMaster’s medical records, Dr. Riche referred McMaster for a psychiatric evaluation by Dr. Lawrence Wade, who is also on the State Medical Disability Board. Dr. Wade found no psychiatric disability. Therefore, based upon the psychiatric evaluation and his own review of her medical records, Dr. Riche determined there was no medical basis for disability benefits and recommended denial of her application.
In accordance with LSA-R.S. 11:218(D), McMaster timely filed an appeal of the denial of her application, and she was accordingly granted a second medical examination by Dr. Harold Voss, an internist on the State Medical Disability Board. After a review of her records, Dr. Voss also denied McMaster’s application ¡..¡for disability. McMaster filed suit in the district court for review of the agency’s decision, and after trial on the merits, the district court affirmed the agency’s decision and dismissed McMaster’s suit. She now appeals.
DISCUSSION
This case turns on the interpretation of LSA-R.S. 11:218, which sets forth the procedure for applying for disability benefits through PERS. Paragraphs (B), (C) and (D) of the statute are most pertinent to our decision in this case and provide:
B. The applicant’s disability case history shall be examined either by that member of the State Medical Dis *753 ability Board whose area of specialty most closely relates to the nature of the claimed disability or by an outside physician designated by the board. The examining physician shall either conduct a medical examination of the applicant, or waive the medical examination if obvious and overwhelming medical evidence of disability exists to his satisfaction. The cost of the examination, including costs of laboratory tests, X-rays, and other such direct examination procedures shall be borne by the applicant’s retirement system; however, all nondirect costs such as hospital room and board charges and other such expenses shall be borne by the applicant. The initial examination shall be completed within six weeks of the date of the applicant’s filing for benefits, (emphasis added)
C. The examining physician shall submit to the appropriate board of trustees an in-depth report which shall include a medical evaluation and his conclusions as to the applicant’s claimed disability. Each member of the State Medical Disability Board and any board designated physician shall have full authority to certify total disability in those applicants whom he examines. An applicant shall be considered as certified totally disabled if in the in-depth report submitted by the examining physician to the board of trustees, the physician declares the applicant to be totally incapacitated for the further performance of his normal duties and states that such incapacity is likely to be permanent. In the case of partial disability, the physician shall indicate the degree of incapacity.
D. (1) Should the examining physician’s final certification decision be contested by either the applicant or the applicant’s board of trustees, the contesting party shall have the right to a second medical examination if a written appeal is filed within thirty days of notification of the certification decision. This second examination shall be performed by a member of the State Medical Disability Board, or by a board designated physician and shall be at the expense of the requesting party. The second physician shall also submit an in-depth report to the applicant’s board of trustees which |4shall include his medical evaluation and conclusions as to the applicant’s claimed disability.
(2) If the second examining physician concurs in the findings and recommendations of the first physician, the first physician’s original decision on certification shall stand as final and binding and shall not be subject to further appeal other than through the courts.
(3) If the second examining physician disagrees with the findings and recommendations of the first physician, the two physicians shall select a third specialist to conduct another examination and prepare and file a third report in the same manner as provided for above. The majority opinion of the three examining physicians shall be final and binding and not subject to further appeal other than through the courts. The cost of the third medical examination shall be borne by the retirement system of the applicant if he is certified as disabled, or by the applicant if his disability claim is denied. (Emphasis added).
Plaintiff claims that this statute mandates that she be given an actual medical examination by the examining physician. To the contrary, defendants apparently believe that the “examining physician” need conduct only an examination of the applicant’s medical history. McMaster was never physically examined by an internal medicine doctor. The only medical examination she was given was by Dr. Wade, the psychiatrist. The other two internal medicine doctors, who would be knowledgeable in the field relating to her complaints of high blood pressure and cardiac dysfunction, conducted only a review of the records setting forth her medical history and the psychiatric evaluation by Dr. Wade. Therefore, this court must decide whether LSA-R.S. 11:218 mandates that the examining physician conduct a physical examination of the applicant or whether that statute requires only that the examining *754 physician review the applicant’s medical history.
We have found no Louisiana cases which address the meaning of LSA-R.S. 11:218. Therefore, our analysis begins with the language of the statute itself. Chelette v. Valentine, 98-1822, p. 2 (La.App. 3rd Cir.6/23/99), 747 So.2d 69. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law is applied as written and no interpretation may be made, but|fiwhen the words of a law are ambiguous, their meaning must be found by examining their context and the text of the law as a whole. LSA C.C. arts. 9 and 12; State ex rel. A.M, 98-2752, p. 2 (La.7/2/99), 739 So.2d 188, 190. Words are to be given their generally prevailing meaning while words of art and technical terms must be given their technical meaning when the law involves a technical matter. LSA-C.C. art. 11. Additionally, the statutory provision should be construed as a whole, and the meaning and intent of the statute is to be determined by consideration of the statute in its entirety and with all other laws on the same subject matter. LSA-C.C. art. 13; Louisiana Health Service and Indemnity Company v. Tarver, 622 So.2d 277, 280 (La.App. 1st Cir.1993), affirmed, 93-2449 (La.4/11/94), 635 So.2d 1090. All parts of the statute should be given effect, and an interpretation making any part superfluous or meaningless should be avoided. LSA-C.C. art. 13; Kewaunee Scientific Corporation v. Charles Ragusa & Son, Inc., 97-1823, p. 5 (La.App. 1st Cir.9/25/98), 723 So.2d 470, 472.
The first sentence of paragraph (B) of LSA-R.S. 11:218 states that the “applicant’s disability case history shall be examined ... by that member of the State Medical Disability Board whose area of specialty most closely relates to the nature of the claimed disability.” However, the second sentence in paragraph (B) states that the “examining physician shall either conduct a médical examination of the applicant, or waive the medical examination if obvious and overwhelming medical evidence of disability exists.... ” The expression “conduct a medical examination of the applicant” is commonly understood to mean that a physician conduct an actual anatomical examination of the applicant. Thus, based on our reading of the statute, and giving full effect to all words in the statute, we find that the statute imposes two duties upon the “examining physician”: (1) to examine the applicant’s case history and (2) to conduct a physical examination of the applicant | fi(or waive such examination if “obvious and overwhelming evidence of disability exists”).[1]
Our reading of LSA-R.S. 11:218 is in accord with other statutes on the same subject matter. For example, LSA-R.S. 11:219 provides for the composition and responsibilities of members of the State Medical Disability Board and states in Paragraph (A): “Each medical board member shall ... be responsible for either reviewing the medical case histories of or conducting medical examinations of ...” applicants for disability benefits. It is clear that the Legislature was contemplating two separate examinations of applicants by the State Medical Disability Board: (1) of the applicant’s case history, and (2) of the applicant himself.
Therefore, based upon our interpretation of the requirements of LSA-R.S. 11:218, we find that the statute requires that the State Medical Disability Board examine the applicant’s medical history as well as conduct a physical examination of the applicant, unless the examining physician waives the physical exam because of overwhelming medical evidence of disability-
It is clear from the record that PERS is not claiming that “overwhelming evidence of disability” exists. It is also clear that neither of the internists who reviewed McMaster’s application conducted a medical examination of her. Rather, Dr. Riche’s decision to deny McMaster’s application for disability was “based on Dr. *755 Wade’s report.” Thus, Dr. Riche denied McMaster’s application for disability due to high blood pressure without conducting a medical examination of her and based upon the psychiatric evaluation prepared by Dr. Wade. Additionally, Dr. Voss, the second examining physician, did not physically examine McMaster. | .¡Rather, he denied her application also based upon his review of her medical records.[2]
It is undisputed that PERS is an agency subject to the provisions of the Administrative Procedure Act. Parochial Employees' Retirement System of Louisiana v. Caddo Parish Commission, 95-0243, p. 3 (La.App. 1st Cir.3/15/96), 676 So.2d 105, 107, writ denied, 96-0955 (La.5/31/96), 673 So.2d 1031. The standard of judicial review of a decision of the agency is set forth in LSA-R.S. 49:964(G). That statute provides that the court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency’s statutory authority; (3) made upon unlawful procedure; (4) affected by error of law; (5) arbitrary, capricious, or an abuse of discretion; or (6) not supported and sustainable by a preponderance of the evidence as determined by the reviewing court. LSA-R.S. 49:964(G); Louisiana Automotive Financial Services, Inc. v. Department of Economic Development, 98-0981, p. 1 (La.App. 1st Cir.5/14/99), 743 So.2d 217; cf. Pacificorp Capital, Inc. v. State, Through Division of Administration, Office of State Purchasing, 92-1729, pp. 4-5 (La.App. 1st Cir.8/11/94), 647 So.2d 1122, 1125, unit denied, 94-2315 (La.11/18/94), 646 So.2d 387.
Because neither of the examining physicians conducted a medical examination of McMaster as mandated by LSA-R.S. 11:218, we find that the agency decision was in violation of the statutory procedures in derogation of the rights of McMaster. Therefore, we find that the agency’s decision must be vacated and that the application for disability should be reconsidered on remand for a | ¿review conducted in accordance with LSA-R.S. 11:218, subsections (B), (C) and (D).
CONCLUSION
For the foregoing reasons, we vacate the judgment of the trial court which affirmed the agency decision and remand to PERS for further proceedings. On remand, PERS shall reconsider Alice McMaster’s application for disability retirement after conducting a full medical review in accordance with LSA-R.S. 11:218. Costs of this appeal in the amount of $766.06 are assessed against defendant, the Parochial Employees’ Retirement System.
VACATED AND REMANDED.

. To interpret the statute as meaning that the examining physician conduct only a review of the applicant's case history would render superfluous the entirety of the second sentence.

. In his report, Dr. Voss notes that McMas-ter’s highest blood pressure reading was 164/104, which was recorded in 1988, and states, "The other blood pressure readings were all in the mild to moderate range.” After having reviewed her medical records contained in the record before us, it appears that Dr. Voss’s report overlooked some of the later blood pressure readings recorded in 1996.