Dear Judge Sassone:
This office is in receipt of your request on behalf of the Judges of the 24th Judicial District Court in regard to the position of Court Reporter relative to the Fair Labor Standards Act (FLSA). You ask whether a Court Reporters job should be classified as "exempt" or "non exempt" under the Fair Labor Standards Act, and indicate Court Reporters are appointed in accordance with R.S. 13:367 and fall under the job descriptions as follows:
 1. Division Court Reporter — appointed and hired by District Judge.
 2. Division Roving Court Reporter — appointed and hired en banc and assigned to a division.
 3. Commissioner Court Reporter — appointed and hired by en banc judges and assigned solely to Commissioner Court.
We recognize that R.S. 13:367 provides that each judge of the Twenty-Fourth Judicial District may appoint a court reporter for his division, and en banc may appoint additional qualified court reporters as they deem necessary to be assigned as the court may direct. However, it is further provided that each court reporter shall be paid a salary as fixed by the judge with approval of the governing authority, and paid by the latter out of the general fund. Additionally, a court reporter is in the Parochial Employees' Retirement System as reflected in the case of McMasterv. Parochial Emp. Retirement, 747 So.2d 751 (La.App 1 Cr. 1999) that involved a court reporter employed in the Parish of Jefferson.
The Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, sets forth in 29 U.S.C. § 213 certain exceptions to Sections 206 and 207 for minimum wage and maximum hours and provides an exemption in paragraph (1) for any employee employed in a bona fide executive, administrative, or professional capacity.
In the instant situation we are dealing with court reporters hired by each court division plus one to be assigned as the court may direct under the control of the judge, and without any administrative or executive duties. In Reeves v. InternationalTel. Tel. Corp., 357 F. Supp. 295 (W.D. La 1973) the court stated to be within the professional exemption the employee must perform work requiring knowledge of an advanced type in the field of science or learning customarily acquired by prolonged course of specialized instruction and study, and work must include consistent exercise of discretion and judgment, and the primary duty requirement for the administrative exemption is the same as for executive exemption of management policies and the exercise of discretion and independent judgment.
We do not feel the court reporter falls within the executive, administrative or professional exemption, and find support for this conclusion in the case of Braddock v. Madison County, Ind.,34 F. Supp.2d 1098, (S.D.Ind. 1998).
The latter decision is pertinent to your inquiry as to whether there is an exemption for the court reporter wherein three court reporters sought additional compensation for overtime work. They were hired by the judges of their respective courts and each judge had sole power to fire the employees who worked under that judge's supervision. The compensation of the plaintiffs were appropriated by the County and the yearly compensation based upon a 35-hour week for 52 weeks per year were by paychecks issued by the County. How-ever, in the decision the court noted that it was not unusual for these plaintiffs to work more than 40 hours a week, but the plain-tiffs never received any payment for work beyond 40 hours a week.
As in the district courts of Jefferson Parish, the court recognized therein that the judges had the power to hire and fire the court reporters, and supervised and controlled their work schedule, and the court had no doubt that the courts were an employer of these plaintiffs. However, it was further found the County exercised a substantial and specific degree of control over their compensation and overtime. It was concluded as follows:
 Under the FLSA the employee is entitled to overtime pay so long as the employer has "suffered" or "permitted" the employee to work. * * * The County Council in this case had the power to prevent the violations and did not take action to prevent them. That is sufficient to hold the county liable as plaintiffs' employer, even if another employer might also have had the power to prevent the violations. Because the county has been plaintiffs' employer, because no exemptions apply, and because plain-tiffs have not been paid overtime compensation as required by the FLSA, plaintiffs are entitled to overtime compensation for hours worked in excess of 40 hours a week. (Emphasis added.)
Therefore, in response to your inquiry in accordance with the jurisprudence relative to the Federal Labor Standards Act, we must conclude that a court reporter hired and supervised by a judge is not exempt from the Fair Labor Standards Act, but must be paid by the parish time-and-a-half overtime wages for time worked over forty hours a week, or an agreement for compensation time.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr